**UNITED STATES of America, Plaintiff,**

v.

**Louis SERAFINI, et al., Defendants,**

v.

**LACKAWANNA REFUSE REMOVAL, INC., et al.**

No. 3:CV–86–1591.

United States District Court,
M.D. Pennsylvania.

Jan. 13, 1992.

See also 135 B.R. 219.

Michael F. Dolan, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for defendants American Nat. Can Co., Chamber-

**337**

lain Mfg. Corp., RCA Corp., Litton Industries, Inc., Litton Business Systems, Inc., Technographics, Inc. and Technographics Fitchburg Coated Products, Inc.

Walter T. Grabowski, Hourigan, Kluger, Spohrer & Quinn, P.C., Wilkes–Barre, Pa., for third-party defendant Gentex Corp.

Cynthia R. Vullo, Hourigan, Kluger, Spohrer & Quinn, P.C., Wilkes–Barre, Pa., for third-party defendant Patsy Capilungo.

Walter T. Grabowski, Hourigan, Kluger, Spohrer & Quinn, P.C., Wilkes–Barre, Pa., for third-party defendant Topps Co., Inc.

ORDER # 2

McCLURE, District Judge.

BACKGROUND

This is an action for injunctive relief and recovery of response costs pursuant to Sections 106 and 107 of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9606(a) and 9607(a), in connection with the Taylor Borough hazardous waste site located south of Scranton, Pennsylvania. The remedial action at the Taylor Borough site has been completed pursuant to a consent decree negotiated by the United States and several defendants. The United States is now seeking reimbursement of the outstanding costs it incurred in responding to the release of hazardous substances at the site from the remaining defendants, the City of Scranton ("Scranton") and Louis Serafini, Alfred Bernabei, Ernest Buttafoco, and Michael J. Naples, Jr., individually and trading as Empire Contracting Company.

On December 4, 1989, Scranton filed a third-party action against numerous defendants seeking contribution and indemnification under CERCLA and common law theories. Subsequently, third-party defendants Patsy Capilungo, Ronald E. Davis, Acker Drill Company, Topps Company, Gentex Corporation and the Trane Company (collectively "crossclaim plaintiffs") filed pleadings designated as crossclaims seeking contribution and indemnification from American National Can Company, Cham-

berlain Manufacturing Corporation, RCA Corporation, Litton Industries, Inc., Litton Business Systems, Inc., Technographics, Inc. and Technographics Fitchburg Coated Products, Inc. (collectively "settling defendants"), all of whom have previously entered into a consent decree with the United States.[1] Currently before the court is the settling defendants' motion for summary judgment on all of the aforementioned crossclaims.

## SUMMARY JUDGMENT STANDARD

■ Summary judgment is appropriate only when there is no genuine issue of material fact to be resolved. Fed.R.Civ.P. 56. All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. The entire record must be examined in a light most favorable to the non-moving party. *Continental Insurance v. Bodie*, 682 F.2d 436, 438 (3d Cir.1982). If there is no genuine issue of material fact, summary judgment may be granted to the party entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c).

## DISCUSSION

■ The settling defendants contend that any actions against them for contribution and indemnification are barred by the language of the consent decree and section 113(f) of CERCLA. Paragraph X(B)[2] of the consent decree states:

> The Parties agree that section 113(f) of CERCLA, 42 U.S.C. § 9613(f)(2), shall govern all questions of contribution. Any Party in default of its obligation required by this Consent Decree shall lose the benefit of this Paragraph.

Section 113(f)(2) of CERCLA states:

> A person who has resolved its liability to the United States or a State in an administrative or judicially approved set-

tlement shall not be liable for claims for contribution regarding matters addressed in the settlement. Such settlement does not discharge any of the other potentially liable persons unless its terms so provide, but it reduces the potential liability of the others by the amount of the settlement.

42 U.S.C. § 9613(f)(2).

The crossclaim plaintiffs argue that the bar on claims for contribution contained in section 113(f)(2) violates both the Equal Protection and Due Process clauses of the Fifth Amendment.[3] While the crossclaim plaintiffs recognize that the bar on contribution claims provided in section 113(f)(2) of CERCLA has been upheld by a number of courts, *United States v. Cannons Engineering Corp.*, 720 F.Supp. 1027 (D.Mass. 1989), *aff'd*, 899 F.2d 79 (1st Cir.1990); *Allied Corp. v. Frola*, 730 F.Supp. 626 (D.N.J.1990); *Central Illinois Pub. Serv. Co. v. Industrial Oil Tank & Line Cleaning Services*, 730 F.Supp. 1498 (W.D.Mo. 1990); *United States v. Rohm & Haas Co.*, 721 F.Supp. 666 (D.N.J.1989), and that the First Circuit has specifically rejected Equal Protection and Due Process challenges to the bar on contribution claims, *United States v. Cannons Engineering Corp.*, 899 F.2d 79 (1st Cir.1990), they contend that these cases are factually inapposite and that the bar as applied to them is unconstitutional.

The crossclaim plaintiffs maintain that the aforementioned cases are factually distinguishable because, in the instant case, at the time of settlement, none of them was a party to the CERCLA litigation, nor had any of them received notice from the government that it was considered a potentially responsible party under CERCLA. They contend that this is a case of first impression because the courts have only addressed matters which "involved parties who had an opportunity to settle their lia-

---

1. Without admitting that there was a legal basis for the crossclaims, the settling defendants answered the crossclaims to protect themselves from an adverse ruling.

2. Although the settling defendants cite ¶ XV(C) as the relevant portion of the consent decree, no such paragraph exists.

3. The Topps Company and Gentex Company are the only crossclaim plaintiffs who have filed briefs in opposition to the settling defendants' motion for summary judgment. Patsy Capilungo and Ronald E. Davis have adopted the arguments presented by Topps and Gentex.

bility at some point, knowing full well the implications of the settlement regarding contribution protection but for various reasons chose not to settle." For several reasons, the court disagrees.

■ First and foremost, the crossclaim plaintiffs' constitutional argument is based on a claimed right to participate in the settlement process in a CERCLA action. No such right exists. In *United States v. Cannons Engineering Corp.*, 899 F.2d 79 (1st Cir.1990), the First Circuit held that the government was not required to open its settlement offers to all of the identified potentially responsible parties. *Id.* at 93. Indeed, through Judge Selya, the First Circuit held that the government's outright exclusion of certain parties from the settlement was not beyond constitutional limitations. Therefore, the government may, if it chooses, deny parties any opportunity to settle their liability. Without question, if identified parties do not have the right to participate in settlement, unidentified parties do not retain such a right.

■ Second, the government's failure to join necessary parties to a litigation does not violate the Equal Protection Clause. See e.g., *United States v. Kramer*, 757 F.Supp. 397, 423–24 (D.N.J.1991); *Kelley v. Thomas Solvent Company*, 714 F.Supp. 1439, 1450 (W.D.Mich.1989).

Finally, a major element of the crossclaim plaintiffs' constitutional argument is the alleged lack of notice of the settlement. While it may be true that they did not receive actual notice of the consent decree, they did receive constructive notice. CERCLA provides that before any settlement may be entered into, notice of the proposed settlement must be published in the Federal Register. 42 U.S.C. § 9622(i). The consent decree was published in the Federal Register on June 8, 1987. 52 Fed. Reg. 21,631 (1987). Indeed, prior to the settling defendants entering into the consent decree information related to the Taylor Borough site and this litigation appeared in the Federal Register on no fewer than five separate occasions. In light of the complexities of CERCLA litigation, the statutory provision provides interested parties with adequate notice.

NOW, THEREFORE, IT IS ORDERED THAT:

1. The motion of crossclaim defendants American National Can Company, Chamberlain Manufacturing Corporation, RCA Corporation, Litton Industries, Inc., Litton Business Systems, Inc., Technographics, Inc. and Technographics Fitchburg Coated Products, Inc. (record document # 235, filed February 15, 1991) for summary judgment against the crossclaims asserted by third-party defendants Patsy Capilungo, Ronald E. Davis, Acker Drill Company, Topps Company, Gentex Corporation and the Trane Company is granted.

2. The Clerk of Court shall defer entry of judgment until the close of the case.